BARKDULL, Judge.
Thomas R. Post appeals from an order of the circuit court, rejecting his offer to purchase property from the estate of Alberta Sawyer, deceased, and directing that the sale be made to the deceased’s son, William Sawyer, Jr.
The late Alberta Sawyer provided the following in her Will, among other things: appointment of co-executors, sale of real property. At the time of her death, she was possessed of certain real property located in the City of Miami. During the probate of the estate, the estate became in need of additional funds and the co-executors had a dispute as to whether to enter into a contract to sell the real property. The co-executor, Central Bank and Trust Company, filed a petition authorizing the sale of property wherein it sought the approval of the court to sell the property at a cash purchase price of $138,000.00, subject to a $14,000.00 brokerage commission payable to a brokerage firm, the principal of which was the son of the attorney for the Bank. The deceased’s son (and co-executor) objected to the sale and requested an opportunity to secure a higher bid which might include a bid from himself. Thereupon, the judge entered an order which read in part as follows:

“ORDER EXTENDING TIME FOR APPROVAL OF SALE, GRANTING TIME FOR ADDITIONAL BIDS AND ESTABLISHING TIME FOR OPENING OF SEALED BIDS AND FOR APPROVAL OF SALE OF PROPERTY
THIS MATTER coming on upon the Petition of the Central Bank and Trust Company as Co-Personal Representative of this Estate for an Order authorizing the sale of four (4) parcels of real property owned by the Estate of the Deceased, and the Court finds that:
1. All interested parties have been served with proper notice of said hearing.

3. At the time of the hearing William Sawyer, Jr., on his own behalf, requested an opportunity to secure a higher bid than that previously secured by the Central Bank and Trust Company as Co-Personal Representative of the Estate, that he would secure a substantially higher bid for the said parcels of property, which *1355 bid may include a bid from William Sawyer, Jr. himself.

ORDERED AND ADJUDGED:
That further argument on the said Petition heretofore filed in this cause is hereby postponed and adjudication thereon is postponed pending the attempt on the part of Co-Personal Representatives to secure additional bid or bids for the property based upon the following terms and conditions:
A. That any such bid shall be in the form of a formal Contract of Purchase and Sale executed by the prospective purchaser, accompanied by cash or cashier’s check in the amount of 10% of the total bid, made payable to the Co-Personal Representatives of the Estate of Alberta Sawyer, Deceased; that said bid shall be delivered to the Court in a sealed envelope to be opened by the Court at a hearing established for that purpose on the 12th day of August, 1980 at 10:00 A.M.
B. That the said bid shall be for all cash and shall provide that the premises be acquired in an “As Is” condition.
C. That in the event a substantially higher bid is not obtained and submitted to the Court at that time, the Court shall accept the offer as previously submitted to the Court.”

This order required the sealed bids to be submitted to the court, to be opened by the court at a time certain. At the time set for the opening of the bids, three sealed bids had been received: one from the son, William Sawyer, Jr., and two from Thomas R. Post. The trial court opened the three envelopes and they revealed the following bids:
$200,000.00 William Sawyer, Jr.
$200,100.00 Thomas R. Post
$15,000.00 above the highest bid. Thomas R. Post
The trial court announced, without showing the bids to those present, that the highest bid was from Thomas Post for $215,000.00 and entered an order authorizing a sale to Post for said amount. William Sawyer, Jr. then filed a petition to vacate the order authorizing the sale of the property to Post. Upon hearing on this later petition, the court vacated the sale authorization to Post, declared it null and void, and entered an order authorizing the sale of the property to William Sawyer, Jr., which reads in part as follows:

“2. By Order entered August 21, 1980, the Court has Vacated its Order entered August 20, 1980, which Order had accepted a bid by Mr. Thomas R. Post, submitted on August 12, 1980, as a bid for $215,000. That bid was found by the Court to be invalid and contrary to the letter and spirit[1] of this Court’s July 16, 1980 Order Extending Time for Approval of Sale, Granting Time for Additional Bids and Establishing Time for Opening of Sealed Bids and for Approval of Sale of Property. Therefore, only two valid bids are before the Court: (1) the bid of Mr. Thomas R. Post for $200,100, and (2) the bid by Mr. William Sawyer, Jr. for $200,000.
3. Manifestly, Mr. Post’s bid is not substantially higher than Mr. Sawyer’s bid.
4. Article XI of the Deceased’s Will requires that Mr. Sawyer consent in writing to the sale of any real estate owned by the Estate, unless the Court orders that a sale be had ‘in order to obtain cash to meet obligations of the Estate . . ., reflecting the specific allocation of the *1356 funds acquired by such sale . . .The Court finds that this manifests the Testator’s intent that her son have control over disposition of the real estate owned by the Estate, and that the exception to that control set forth in the Will does not warrant the Court’s accepting Mr. Post’s bid of $200,100 over Mr. Sawyer’s bid of $200,000.
5. Moreover, at the hearing the attorney for the remaining vested beneficiaries, William Barnett and Mary Elizabeth Barnett, waived any objection to the Court’s accepting Mr. Sawyer’s $200,000 bid over Mr. Post’s $200,100 bid. All of the beneficiaries have therefore either supported or waived objections to Mr. Sawyer’s bid.
6. For these reasons and for the reasons set forth in Mr. Sawyer’s Petition, the Court finds that equity will best be served by accepting Mr. Sawyer’s bid.”

These appeals have been taken and consolidated from the order vacating the sale authorization to Post and from the order authorizing the sale of the property to Sawyer.
The unsuccessful bidder, Thomas R. Post, contends that the trial court erred in failing to authorize the sale of the property to him as the highest bidder, either under the $15,-000.00-plus bid or as the highest bidder in cash of $200,100.00. We affirm.
The order calling for the bids provided:

“A. That any such bid shall be in the form of a formal Contract of Purchase and Sale executed by the prospective purchaser, accompanied by cash or cashier’s check in the amount of 10% of the total bid, made payable to the Co-Personal Representatives of the Estate of Alberta Sawyer, Deceased; ...”

The bid of $15,000.00-plus is in fact no bid as it was not a bid for a fixed amount. Ex parte Keller, 185 S.C. 283, 194 S.E. 15 (1937); 50 C.J.S. Judicial Sales § 22, p. 606. Therefore, we find no error in the trial judge’s ruling that this was not a valid bid. Turning now to the $100.00 difference between the other two bids, we don’t find that the trial judge was required to accept the highest mathematical of the two bids. We find that the trial judge had discretion to determine which of the two bids, under circumstances in this probate matter, he would accept. The $100.00 difference in the two bids is not a sufficient difference to find that the trial judge abused his discretion in approving a sale to the son of the deceased.[2] Accordingly, the orders under review be and the same are hereby affirmed.
Affirmed.

. As the court stated in rejecting the $15,-000.00-plus bid:

“But more important than that, from an equitable standpoint, it was not in the spirit in which the rules were made up previously for these bids. It was simply an all-around no-lose bid. There wasn’t any way that bidder could lose by just making a bid that it is going to be $15,000.00 more than any other bid. That was not in the spirit of this thing.
As a matter of fact, everyone agreed that nobody wanted an auction here of alternate bids running the price up. Both sides agreed to that previously; but in the Court’s opinion, this bid was in violation of the spirit of that agreement:”

. Generally, a chancellor has discretion in confirming a judicial sale between strangers. See: 47 Am.Jur.2d, Judicial Sales, § 143, page 411. Also see the original opinion in Financial Corporation v. Therrell, 118 Fla. 596, 159 So. 868 (1934) [receded from on rehearing on other grounds], wherein the Supreme Court of Florida recognized this discretion in a chancellor. If this be so in a normal judicial sale, he certainly should have the discretion in the instant case to award the property to the son.